**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KENNETH BAER,

    Plaintiff,

vs.                                      Case No. 3:26-cv-82-MMH-MCR

ST. JOHNS COUNTY, FLORIDA,
et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion for Preliminary Injunction and Adverse Inference (Doc. 3; Motion), filed on January 15, 2026. In the Motion, Plaintiff requests the entry of a preliminary injunction pursuant to Rule 65(a), Federal Rules of Civil Procedure. See Motion at 1. Simultaneously with the Motion, Plaintiff, who is proceeding pro se, filed a Verified Complaint for Civil Rights Violations and Racketeering (Doc. 1; Complaint) and a request to proceed in forma pauperis (Doc. 2). Although vague and difficult to decipher, it appears from the Motion and Complaint that Plaintiff is asserting civil rights, conspiracy, and racketeering claims related to some type of state criminal investigation. See generally Complaint. In the Motion, Plaintiff seeks the entry of a preliminary injunction staying certain state court proceedings and granting "federal oversight and a forensic sweep" of

a particular address, among other things. See Motion at 2. Upon review, the Motion is due to be denied.

Generally, a preliminary injunction is an extraordinary and drastic remedy. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); see also Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300 (11th Cir. 2001). Indeed, "[a] preliminary injunction is a powerful exercise of judicial authority in advance of trial." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, in order to grant a request for preliminary injunctive relief, the movant bears the burden to clearly establish the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the [movant] outweighs the harm an injunction may cause the [opposing party], and (4) that granting the injunction would not disserve the public interest.

Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); see also Davidoff & CIE, S.A., 263 F.3d at 1300; McDonald's Corp., 147 F.3d at 1306; Ne. Fla., 896 F.2d at 1284-85. The movant, at all times, bears the burden of persuasion as to each of these four requirements. See Ne. Fla., 896 F.2d at 1285. And the failure to establish an element will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the

remaining elements.  See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)); Del Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1326, 1339 n.7 (S.D. Fla. 2001).

Moreover, requests for preliminary injunctive relief must comply with Local Rule 6.02(a).  This Local Rule, which incorporates the requirements of Local Rule 6.01, requires that a motion for preliminary injunction include, among other things: "specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief," "a precise description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," "a supporting legal memorandum," and "a proposed order."  See Local Rule 6.02(a)(1) and 6.01(a).  Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Here, Plaintiff's Motion fails to comply with nearly all of the applicable rules.  In the Motion, Plaintiff does identify some of the factors for injunctive

3

relief, specifically, the likelihood of success on the merits and irreparable harm, but he fails to provide any substantive analysis of those factors. See Motion at 2. Plaintiff does not discuss the potential harm to Defendants or the effect on the public interest at all. Id. Significantly, Plaintiff does not include any memorandum of law or citation to legal authority supporting the relief he seeks. And although the Complaint is verified, Plaintiff's allegations are difficult to follow, exceedingly vague, and largely conclusory, far short of the "specific facts" necessary to support injunctive relief. See Local Rule 6.01(a)(2).[1] Accordingly, Plaintiff has not met his burden of establishing an entitlement to preliminary injunctive relief and the Motion is due to be denied. See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011). In light of the foregoing, it is

**ORDERED**:

---

[1] Plaintiff also fails to address the amount and form of the required security, nor does he provide a proposed order.

4

Plaintiff's Emergency Motion for Preliminary Injunction and Adverse Inference (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of January, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties