UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH BAER,

      Plaintiff,

v.                                CASE NO. 3:26-cv-82-MMH-MCR

ST. JOHNS COUNTY, FLORIDA,
*et al.*,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

    **THIS CAUSE** is before the Court *sua sponte*, i.e., on its own motion.

On January 15, 2026, Plaintiff filed a Complaint (Doc. 1.) and an Application

to Proceed in District Court Without Prepaying Fees and Costs (Short Form),

which the Court construed as a Motion to Proceed *In Forma Pauperis* ("IFP

Motion") (Doc. 2).    The Court denied Plaintiff's IFP Motion without prejudice

and stated:

    **On or before February 20, 2026**, Plaintiff shall

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2).   "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*   A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.   *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

either complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (**Long Form**), or pay the required filing fee. **If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge dismiss this action**.

(Doc. 6 at 2.)   Following entry of that order, Plaintiff took no action regarding this case.

The Court then entered an Order to Show Cause (Doc. 8) which stated in relevant part:

> **On or before March 11, 2026**, Plaintiff shall comply with the Court's prior Order (Doc. 6) and **SHOW CAUSE** in writing why this case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10. **If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge dismiss this action**.

(*Id.* at 2.)   Since entry of the Order to Show Cause, Plaintiff has taken no action regarding this case.

Local Rule 3.10 states: "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."   In light of the above, the undersigned recommends that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The case be **DISMISSED** for failure to prosecute pursuant to

2

Local Rule 3.10.

      2.     The Clerk of Court be directed to terminate any pending motions and deadlines and close the file.

      **DONE AND ENTERED** in Jacksonville, Florida, on March 13, 2026.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
Chief United States District Judge

*Pro se* Plaintiff

3